Louis S. Ederer
Alan C. Veronick
ARNOLD & PORTER LLP  JUDGE ABRAMS
399 Park Avenue
New York, New York  10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

13 CV 1127

RECEIVED FEB 19 2013 U.S.D.C. S.D.N.Y. CASHIERS

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

SWEET PEOPLE APPAREL, INC. d/b/a MISS ME

                Plaintiff,

- against -

REBA FASHIONS, INC.

                Defendant.

------------------------------------------------------------ x

Civil Action No. _____

**COMPLAINT**

      Plaintiff Sweet People Apparel, Inc. d/b/a Miss Me ("Sweet People"), by and through its undersigned counsel, complains of Defendant Reba Fashions, Inc. ("Defendant"), and allege as follows:

## NATURE OF THE ACTION

      1.     Plaintiff seeks injunctive relief and damages for acts of trademark counterfeiting and infringement, false designation of origin and unfair competition, engaged in by Defendant in violation of the laws of the United States and the State of New York.

      2.     In particular, this case concerns Defendant's infringement of Plaintiff's FABRIC CUT OUT DESIGN Trademark, one of Plaintiffs most distinctive and popular designs used on and in connection with its highly successful line of MISS ME brand jeanswear products.  After substantial resources had been expended by Plaintiff promoting and selling jeanswear products

bearing such design, and after consumers had come to recognize such design and associate it exclusively with Plaintiff, Defendant introduced jeanswear products with virtually identical and/or confusingly similar designs. This conduct was undertaken without Plaintiff's consent, and was engaged in by Defendant so that it could compete directly with Plaintiff and siphon off sales from its popular MISS ME jeanswear line.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiff's claims are predicated upon the the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the common law of the State of New York.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because Defendant is either subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

5. Plaintiff Sweet People is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

6. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New York, having its principal place of business located at 1400 Broadway, 29th Floor, New York, New York 10018. Upon further information and belief, Defendant is responsible for creating, distributing, advertising, promoting, offering for sale and/or selling the infringing jeanswear products at issue in this action.

## SWEET PEOPLE'S BUSINESS

7. Sweet People manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the MISS ME brand name. Sweet People's line of MISS ME brand jeanswear products is sold by such well-known fashion retailers and department stores as Macy's, Dillard's and The Buckle, both in-store and online.

8. Over the past several years, the MISS ME brand of jeanswear and denim products has become very popular in the highly competitive jeanswear market. Due to its popularity, Sweet People's MISS ME jeanswear has received extensive media coverage and has appeared in numerous widely circulated fashion magazines, including *In Style*, *Elle*, *Glamour*, *Lucky*, *944 Magazine*, *Harper's Bazaar*, *Lucky*, *Teen Vogue* and *Nylon*. In addition, celebrities such as Miley Cyrus, Paris Hilton and Beyonce have been photographed wearing MISS ME jeanswear.

9. Among the many elements that identify MISS ME brand jeanswear products and distinguish them from the products of Sweet People's competitors are the unique and distinctive designs created by Sweet People and embroidered onto and/or otherwise affixed to its jeanswear products. Such designs are used repeatedly by Sweet People on its MISS ME brand of jeanswear products, and have come to exclusively identify Sweet People as the source of such products.

10. Among Sweet People's most important assets are the intellectual property rights it owns in the unique and distinctive designs used on and in connection with its MISS ME line of jeanswear products. Such designs, which are subject to copyright and/or trademark protection, include Sweet People's FABRIC CUT OUT DESIGN Trademark and Fleur De Lis JP4369 Design Copyright.

## SWEET PEOPLE'S FABRIC CUT OUT DESIGN TRADEMARK

11. Sweet People owns trademark rights in certain unique and distinctive designs it

3

uses on and in connection with its MISS ME line of jeanswear products.

12. Among the design trademarks owned and used by Sweet People is its FABRIC CUT OUT DESIGN Trademark, a design consisting of decorative elements appearing in "cut out" portions of the rear waistband and pocket flaps on its jeanswear products (the "FABRIC CUT OUT DESIGN Trademark"). Sweet People created the FABRIC CUT OUT DESIGN in 2006, and it has been in continuous use by Sweet People on its MISS ME line of jeanswear products since at least as early as October 3, 2006.

13. The FABRIC CUT OUT DESIGN Trademark is the subject of U.S. Trademark Registration No 4,065,486, registered on the Principal Register on December 6, 2011, for jeanswear products. Sweet People's trademark registration for the FABRIC CUT OUT DESIGN Trademark is in full force and effect. A copy of the registration certificate for Sweet People's FABRIC CUT OUT DESIGN Trademark along with a photograph of the FABRIC CUT OUT DESIGN as used by Sweet People on its MISS ME line of jeanswear products is attached hereto as Exhibit A.

14. In addition to being, in and of itself, a highly distinctive design, as a result of Sweet People's uninterrupted and continuous promotion and sale of MISS ME brand jeanswear products bearing the FABRIC CUT OUT DESIGN Trademark, and the widespread editorial coverage of such products, Sweet People's FABRIC CUT OUT DESIGN Trademark has acquired distinctiveness, and has developed a strong secondary meaning among consumers and the trade. Accordingly, Sweet People's FABRIC CUT OUT DESIGN Trademark immediately identifies Sweet People as the exclusive source of products that bear the design, and signifies goodwill of incalculable value.

### SWEET PEOPLE'S FLEUR DE LIS DESIGN COPYRIGHT

15. Sweet People owns U.S. Copyright Registration No. VA 1-418-846, issued on

May 23, 2007, for its Fleur De Lis JP4369 Design (the "Fleur De Lis Design Copyright"). A copy of the registration certificate for Sweet People's Fleur De Lis Design Copyright along with a photograph of the Fleur De Lis Design as used by Sweet People on the rear pockets of its MISS ME jeanswear products is attached hereto as Exhibit B.

16. The Sweet People Fleur De Lis Design was created by Sweet People in 2006, and has been in continuous use by Sweet People on jeanswear products since at least as early as October 3, 2006. Sweet People owns all right, title and interest in and to the Fleur De Lis Design Copyright, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

17. Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Sweet People Fleur De Lis Design Copyright.

## DEFENDANT'S INFRINGING CONDUCT

18. Upon information and belief, Defendant is currently, and at all times relevant hereto has been engaged in the business of designing, creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling, and/or causing to be designed, created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold jeanswear products.

19. Upon information and belief, Defendant has created, distributed, supplied, advertised, promoted, offered for sale and/or sold, and/or has caused to be distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from Sweet People, jeanswear products bearing designs that are studied imitations of Sweet People's FABRIC CUT OUT DESIGN Trademark (the "Infringing Designs").

20. Photographs of the infringing fabric cut out designs used by Defendant on its jeanswear products, which are studied imitations of Sweet People's FABRIC CUT OUT

5

DESIGN Trademark, are attached hereto as Exhibit B. A photographic comparison of Sweet People's FABRIC CUT OUT DESIGN and certain of Defendant's infringing fabric cut out designs are set forth below:

| Sweet People's Fabric Cut Out Designs | Defendant's Fabric Cut Out Designs |
|---|---|
| (image of jeans pocket) | (image of jeans pocket) |
| (image of jeans pocket) | (image of jeans pocket) |

21.  Upon information and belief, Defendant has created, distributed, supplied, advertised, promoted, offered for sale and/or sold, and/or caused to be created, distributed, supplied, advertised, promoted, offered for sale and/or sold, jeanswear products bearing one or more of the Infringing Designs to retail outlets throughout the United States.

22.  Rather than going to the effort and expense of developing and creating its own unique, source-identifying designs, Defendant replicated Sweet People's FABRIC CUT OUT DESIGN Trademark. As a result, the jeanswear products bearing the Infringing Designs are likely to cause consumers, either at the point-of-sale or post-sale, to believe that products bearing the Infringing Designs are authorized, sponsored, approved, endorsed or licensed by Sweet People, or are in some other way affiliated, associated, or connected with Sweet People.

6

23. Upon information and belief, Defendant has created, distributed, supplied, advertised, promoted, offered for sale and/or sold, and/or has caused to be created, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license, jeanswear products bearing the Infringing Designs at prices below the retail prices at which products bearing Sweet People's FABRIC CUT OUT DESIGN Trademark are sold.

24. Upon information and belief, Defendant was aware that Sweet People's FABRIC CUT OUT DESIGN Trademark was a well-known design of Sweet People at the time it began using the Infringing Designs on its jeanswear products. Accordingly, Defendant has been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for Sweet People's rights in the FABRIC CUT OUT DESIGN Trademark.

25. Upon information and belief, Defendant has failed to respond to cease and desist letters sent by Plaintiff relating to its creation, distribution, supply, advertising, promotion, offer for sale and sale of the Infringing Designs.

26. Unless Defendant's conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of Sweet People's FABRIC CUT OUT DESIGN Trademark to identify Sweet People as the exclusive source of goods to which they are affixed.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT & COUNTERFEITING (15 U.S.C. § 1114)

27. The allegations set forth in paragraphs 1 through 26 hereof are adopted and incorporated by reference as if fully set forth herein.

28. By the acts alleged herein, Defendant has used a mark that is substantially indistinguishable from Sweet People's FABRIC CUT OUT DESIGN Trademark, and has counterfeited and/or infringed the FABRIC CUT OUT DESIGN Trademark, in violation of 15 U.S.C. § 1114.

29. Upon information and belief, Defendant's use of a mark that is substantially indistinguishable from, and/or confusingly similar to, the FABRIC CUT OUT DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendant's products bearing such counterfeited and/or infringed design mark, or as to a possible affiliation, connection or association between Sweet People and Defendant.

30. Upon information and belief, Defendant has acted with knowledge of Sweet People's ownership of the FABRIC CUT OUT DESIGN Trademark, and with the intent to unfairly benefit from the goodwill symbolized thereby.

31. Defendant's acts constitute willful trademark counterfeiting and/or infringement in violation of 15 U.S.C. § 1114.

32. Upon information and belief, by its acts, Defendant has made substantial profits and gains to which it is not in law or in equity entitled.

33. Upon information and belief, by its actions, Defendant will continue to counterfeit and/or infringe Sweet People's FABRIC CUT OUT DESIGN Trademark, unless restrained by this Court.

34. Defendant's acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

35. The allegations set forth in paragraphs 1 through 34 hereof are adopted and incorporated by reference as if fully set forth herein.

36. Upon information and belief, Defendant's use of a mark that is confusingly similar to, and/or substantially indistinguishable from, the FABRIC CUT OUT DESIGN

Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between Sweet People and Defendant, and/or between Sweet People and such products.

37. Defendant's conduct as aforementioned constitutes a willful false designation of the origin of the products bearing the infringing fabric cut out designs, and/or false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

38. Upon information and belief, by its actions, Defendant will continue to falsely designate the origin of its products as aforesaid, unless restrained by this Court.

39. Upon information and belief, by its actios, Defendant has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

40. Defendant's acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

41. The allegations set forth in paragraphs 1 through 40 hereof are adopted and incorporated by reference as if fully set forth herein.

42. The aforesaid conduct of Defendant constitutes willful unfair competition with Sweet People under the common law of the State of New York.

43. Defendant's acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

44. The allegations set forth in paragraphs 1 through 43 hereof are adopted and incorporated by reference as if fully set forth herein.

45. The aforesaid conduct of Defendant constitutes willful trademark infringement under the common law of the State of New York.

46. Defendant's acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Finding that, (i) as to Count 1, Defendant engaged in willful trademark counterfeiting and/or trademark infringement in violation of 15 U.S.C. § 1114; (ii) as to Count 2, Defendant engaged in willful false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); (iii) as to Counts 3, Defendant engaged in willful unfair competition in violation of the common law of the State of New York; and (iv) as to Count 4, Defendant engaged in willful trademark infringement in violation of the common law of the State of New York.

2. That Defendant and all of those acting in concert with it, including its agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

   (a) Designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling any products which bear the Infringing Designs, or any other designs confusingly similar in overall appearance to Sweet People's FABRIC CUT OUT DESIGN Trademark, and engaging in any other activity constituting an infringement of any of Sweet People's rights in and to Sweet People's FABRIC CUT OUT DESIGN Trademark; and

   (b) engaging in any activity constituting unfair competition with Sweet People, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with Sweet People.

3. That Defendant be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that products bearing the Infringing Designs have been designed, manufactured, designed, created, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Sweet People, have been authorized by Sweet People, or are related to or associated in any way with Sweet People or its products.

4. That Defendant be required to recall all infringing items and advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such items.

5. That Defendant be directed to file with the Court and serve upon Sweet People, within thirty (30) days after service of a judgment or order upon Defendant, a written report under oath setting forth in detail the manner in which Defendant has complied with the requirements set forth above in paragraphs 2 through 4 hereof.

6. That the Court award Sweet People (i) Defendant's profits and Sweet People's damages and/or statutory damages, attorneys' fees and costs, to the full extent provided for by 15 U.S.C. § 1117, with any monetary award under 15 U.S.C. § 1117 to be trebled; (ii) Defendant's profits, Sweet People's actual damages and/or punitive damages as provided under the common law of the State of New York; and (iii) Sweet People's attorneys' fees and litigation-related expenses incurred herein.

7. That Sweet People be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

8. That Sweet People be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York  
February 19, 2013

ARNOLD & PORTER LLP

By: /s/ Louis S. Ederer
Louis S. Ederer
louis.ederer@aporter.com
Alan C. Veronick
alan.veronick@aporter.com
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff Sweet People Apparel, Inc. d/b/a Miss Me*